IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge John L. Kane**

Civil Action No. **03-cv-810-JLK**

**KATHRYN L. PROFFITT,**

     Plaintiff,

v.

**BOB CORNUKE, an individual,**
**B.A.S.E. INSTITUTE, a Colorado corporation**,
**ANCHOR PRODUCTIONS, JV, and**
**GLOBAL PUBLISHING SERVICES, INC.**

     Defendants.

---

## ORDER

---

**Kane, J.**

Plaintiff's October 31, 2005 Motion to Dismiss Counterclaims (Doc. 111) is treated as a Motion to Strike the Counterclaims and is GRANTED. After my September 5 Order dismissing three of Proffit's claims for relief in her Second Amended Complaint, Defendants were required to file their Answer to the three remaining claims of Plaintiff. Defendants did so in a 67-page tome that asserts 25 counterclaims against Plaintiff and newly named third-party Defendant Regina Goodner. There is no Third-Party Complaint set forth against Goodner and the Counterclaims against Proffitt are repetitive, prolix and violate the letter and spirit of numerous Federal Rules of Civil Procedure including, but not limited to, Rule 8(a) requiring a "short and plain statement" each claim asserted, Rule 8(b) governing defenses and the form of denials, Rule 8(e) requiring averments in support of pleadings to

be "simple, concise, and direct," Rule 9(b) requiring particularity in pleading claims for fraud, and Rule 12(b)(6).  Pursuant to my duty under Rule 1, Fed. R. Civ. P., to construe the Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action," Defendants' Counterclaims are STRICKEN and may be refiled within ten days in conformance with Rules 8 and 11, as well as this Court's Local Rules of practice.   To the extent any of Defendants' averments or claims is revealed to have been made in bad faith or for any improper purpose under Rule 11(b), sanctions can and will be imposed against counsel.

The unseemly and vitriolic exchanges between the parties in this case must CEASE. It is offensive to the principles governing the administration of justice in the courts and will no longer be tolerated.  Should they continue, counsel may expect the imposition of sanctions without further admonition under the guidelines set forth in *White v. General Motors Corp., Inc.*, 908 F.2d 675, 686 (10th Cir. 1990).

Dated at Denver, Colorado this 2nd day of November, 2005.

BY THE COURT:

**S/John L. Kane**
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT