IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **03-K-810**

**KATHRYN L. PROFFITT,**

      Plaintiff,

v.

**BOB CORNUKE, an individual,**
**B.A.S.E. INSTITUTE, a Colorado corporation**,
**ANCHOR PRODUCTIONS, JV, and**
**GLOBAL PUBLISHING SERVICES, INC.**

      Defendants.

_____

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER 9/9/05 ORDER
DENYING MOTION TO DISMISS PLAINTIFF'S CONTRACT CLAIMS
_____

KANE, J.

This matter is before me on the Cornuke Defendants' Motion to Reconsider my Order Denying Motion to Dismiss Plaintiff's Contract Claims. The Motion is Doc. No. 144. The Order to which it is directed is Doc. 99. The Motion to Reconsider is **DENIED.**

A motion for reconsideration is proper when the court has "made a mistake not of reasoning but of apprehension . . . [or] if there has been a significant change or development in the law or facts since submission." *EEOC v. Foothills Title Guar. Co.*, 1991 WL 61012 at *3 (D. Colo. April 12, 1991), *aff'd*, 956 F.2d 277 (10th Cir. 1992); *see Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)(explaining the law of the case

doctrine generally requires a court to adhere to its rulings in the interest of expeditious resolution of disputes and to prevent continued reargument of issues already decided). A motion to reconsider is *not* a second opportunity for the losing party (through new or additional counsel) to make its strongest case, to rehash arguments, or to dress up argument that previously failed. *See Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

I have carefully considered the points and authorities raised by Defendants in support of their Motion, and none commands the relief requests. While I have little hope my words will fall on ears not already rendered deaf by the parties mutual antagonism and distrust, the unending cycle of rulings met with motions met with counter-motions to strike those motions which are then met with motions for sanctions should and must cease. The parties are exhausting themselves and exhausting the court with their ill-will and jaundiced views of justice and recompense that ultimately cannot be resolved in a civil court of law.

The Motion for Reconsideration (Doc. 144) is **DENIED.**


Dated March 22, 2006          **s/John L. Kane**
                              JOHN L. KANE
                              U.S. SENIOR DISTRICT COURT JUDGE