IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **03-K-810**

**KATHRYN L. PROFFITT,**

    Plaintiff,

v.

**BOB CORNUKE, an individual,
B.A.S.E. INSTITUTE, a Colorado corporation,
ANCHOR PRODUCTIONS, JV, and
GLOBAL PUBLISHING SERVICES, INC.**

    Defendants.

_____

ORDER CLARIFYING PENDENCY OF CERTAIN MOTIONS
_____

KANE, J.

The docket in this matter – which is cluttered by the repetitive and misfiled motions of the parties – is clarified as follows:

1. Plaintiff's Motion for Reconsideration/Clarification and Request for Evidentiary Hearing (Doc. 124), filed on January 17, 2006 as part of Plaintiff's Response to my January 5, 2006 Order to Show Cause, was the subject of a Minute Order dated January 20, 2006.  The Minute Order resolved the Motion for Reconsideration/Clarification and Request for Evidentiary Hearing *in its entirety*, denying the request for evidentiary hearing but leaving Plaintiff free to renew that request with Magistrate Judge Boland as part of the referral, to him, of the issues raised by Defendants' Motion to Strike Exhibit and for Protective Order (Doc. 120).  As a result,

any subsequent filings by the parties' purporting to be in support of or in opposition to the Motion for Reconsideration/Request for Evidentiary Hearing (Doc. 124) were erroneous and should have been filed in connection with Doc. 120 and the hearing first set by Magistrate Judge Boland on January 30, 2006 (*see* Doc. 131).

    2. This *specifically included* Doc. 133, Defendant Bob Cornuke's so-called "Reply in Support of Motion to Strike and for Protective Order, Response in Opposition to Plaintiff's Motion for Reconsideration and for Evidentiary Hearing, Motion to Strike Exhibits A-D and F-M to Plaintiff's Motion for Reconsideration or for Order Placing them Under Seal, and All Cornuke Defendants' Motion for Reconsideration." This filing was a docketing clerk's nightmare, purporting in a single sweeping gesture to (1) reply to one Motion (Doc. 120) which had been referred to Magistrate Judge Boland; (2) respond to a Motion for Reconsideration and for Evidentiary Hearing (Doc. 124) that had already been resolved and was no longer pending; and (3) articulate two entirely new and alternative requests for relief (motion to strike additional exhibits or, in the alternative, to seal them). The parties are admonished to show some restraint, resist the urge toward omnibus filings, and follow the proceedings closely enough so that responses and replies are not filed to motions that have already been resolved.

    3. Doc. 133 precipitated a telephone call from the docketing clerk to the Cornuke Defendants, who agreed to withdraw and refile Doc. 133 as separate documents. The Cornuke Defendants then proceeded to refile their various requests for relief, including another phantom response to Doc. 124, which was no longer pending (*see* Doc. 140,

"Response to Motion for Reconsideration and for Evidentiary Hearing"), a Motion to Strike Exhibits A-D and F-M (Doc. 141), and a Motion to Seal (Doc. 159). They also added a Motion and then an Amended Motion for Recusal directed to Magistrate Judge Boland, which he denied.

    4. The Motions to Strike (Doc. 141) and to Seal (Doc. 159) were referred to Magistrate Judge Boland. Doc. 140 is STRICKEN and no reply in "support" of Doc. 124 will be entertained.

    5. I note Defendants have also filed a completely separate and additional Motion for Reconsideration (Doc. 144), which was directed to my September 7, 2005 Order (Doc. 99) granting in part and denying in part Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. That Motion (Doc. 144) was denied by separate Order earlier today.

    This matter stands clarified as stated above.

Dated March 22, 2006

                                               **s/John L. Kane**
                                               JOHN L. KANE
                                               U.S. SENIOR DISTRICT COURT JUDGE