IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-00810-JLK-BNB

KATHRYN L. PROFFITT,

Plaintiff,

v.

BOB CORNUKE, an individual,
B.A.S.E. INSTITUTE, a Colorado corporation,
ANCHOR PRODUCTIONS, JV, and
GLOBAL PUBLISHING SERVICES, INC., and
DOUGLAS SCHERLING, an individual,

Defendants.
_____

**ORDER**
_____

This matter is before me on **The Cornuke Defendants' Objections to Magistrate Judge Boland's Order Granting Plaintiff's Improperly Filed Motion for Fourth Continuance** [Doc. # 198, filed 7/13/2006] (the "Motion"). The district judge converted the objection to a motion for reconsideration and referred it to me, stating:

> In the event that Magistrate Judge Boland deems it appropriate to shorten the final extension he granted for the completion of settlement, he may do so. I strongly encourage the parties to focus their energies on finalizing the last remnants of their dispute rather than their continued jockeying for position.

Minute Order [Doc. # 199, filed 7/14/2006].

I have reconsidered my previous order; find that I made a calendaring error in calculating 30 days after July 12, 2006;[1] and GRANT to Motion. The parties may have to and including

---

[1] See note 3, infra.

**August 11, 2006**, within which to file a stipulation or motion to dismiss the case with prejudice, pursuant to Fed. R. Civ. P. 41(a).

This has been an unnecessarily contentious piece of litigation. Eventually, however, after repeated efforts, the parties were able to reach a settlement of their dispute which was read into the record on March 31, 2006. Apparently all of the requirements of the settlement agreement executed by the parties have been satisfied except that contained in paragraph 5, as follows:

> Dr. Cornuke agrees to reimburse Ambassador Proffitt in the amount of $5,000 for expenses she incurred and B.A.S.E. Institute will issue a receipt for charitable contributions to Ms. Proffitt for additional travel expenses she incurred without reimbursement for the lost shipwreck of Paul project in the approximate amount of $49,000. Ms. Proffitt will provide supporting documentation to Gary Smeltzer, accountant for B.A.S.E., who will execute a confidentiality/non-disclosure agreement with respect to her personal information.

On March 31, 2006, following the announcement of a settlement, I entered an order requiring the parties to file a stipulation or motion to dismiss on or before April 21, 2006. Order [Doc. # 181, filed 3/31/2006]. On April 21, 2006, the plaintiff filed an unopposed motion requesting an additional 30 days to complete the documentation of the settlement and to submit a motion to dismiss. Proffitt's Request for Extension of Time [Doc. # 184, filed 4/21/2006]. The additional time was required to obtain execution of the settlement agreement by Global Publishing Services, one of the defendants. Id. I granted the extension, through May 19, 2006. Minute Order [Doc. # 186, filed 4/25/2006]. This first extension of approximately 30 days apparently was the result of conduct by the defendants.

On May 19, 2006, a second unopposed motion to extend the deadline to dismiss the case was filed by the plaintiff. Unopposed Motion to Continue [Doc. # 187, filed 5/19/2006]. There

were several reasons offered in support of the second motion for extension, including the following:

> The Court may remember in the Settlement Agreement the accountant for B.A.S.E. Institute was required to execute a Confidentiality/Non-Disclosure Agreement with respect to Kathryn Proffitt's personal information to enable her to request a charitable contribution receipt for travel expenses she incurred without reimbursement for the Project. Two versions of the Agreement have been exchanged but agreement on the final version has not been reached.

Id. at p.2. I granted the requested extension, Order [Doc. # 190, filed 5/23/2006], the necessity for which appears to be attributable to both sides. The parties were granted to and including June 30, 2006, within which to file a stipulation or motion to dismiss.

The third motion for extension, which gives rise to these proceedings, was filed on June 28, 2006. Plaintiff's Motion to Continue [Doc. # 192, filed 6/28/2006]. The Cornuke Defendants correctly note that the third motion for extension fails to comply with the meet and confer requirements of local rule 7.1A, D.C.COLO.LCivR. Consequently, I set the third motion for a telephone hearing to occur on July 12, 2006. Minute Order [Doc. # 194, dated 6/30/2006]. The third motion for continuance stated that additional time was required based on the following:

> Ms. Proffitt agreed to reduce her demand for repayment of these expenses in the approximate amount of $50,000 in exchange for a charitable contribution receipt from B.A.S.E. This receipt would recognize her contribution and provide some benefit to her in the form of a charitable deduction. The Cornuke Defendants agreed and Gary Smeltzer, the B.A.S.E. accountant, was selected to review the necessary receipts for the issuance of the charitable contribution receipt.
>
> There has been some difficulty between the parties regarding the language of the Non-Disclosure Agreement to be signed by the accountant, Gary Smeltzer. He has signed an Agreement and

3

> Kathryn Proffitt has submitted her documentation to him. Mr. Smeltzer has asked for thirty (30) days to complete his review.
>
> This is the last step, but an important one, for the settlement of this case. Upon receipt of the charitable contribution receipt from B.A.S.E. to Kathryn Proffitt for her approximate $50,000 in expenses, the resolution of this case will be completed and a Notice of Dismissal can be filed.

Plaintiff's Motion to Continue [Doc. # 192, filed 6/28.2006] at p.2.

The Cornuke Defendants filed a brief in opposition to the third motion for continuance, arguing:

> Plaintiff disingenuously couches her claimed need for yet another continuance on allowing Mr. Smeltzer "the time he requires to review the documents and issue the receipt" called for in the Settlement Agreement. In truth, Plaintiff failed to deliver the secret receipts of her alleged expenditures until **June 28, 2006**--the very day she filed the motion for continuance, and only two days before the final deadline allotted by the Court.
>
> Plaintiff well knew that the non-disclosure agreement expressly allows Mr. Smeltzer, a volunteer who performs some bookkeeping for B.A.S.E. Institute, thirty days within which to review the records and prepare a summary which will in turn be given to B.A.S.E. to allow it to issue a receipt for charitable contribution to Ms. Proffitt. Thus, Plaintiff has created the time lag or which she now complains, and her motion should be denied.

The Cornuke Defendants' Response In Opposition to Plaintiff's Motion for Continuance [Doc. # 195, filed 7/11/2006] at pp.3-4.

Apparently, Mr. Smeltzer signed a confidentiality agreement in a form acceptable to the plaintiff on June 1, 2006, and it was provided to the plaintiff on June 2, 2006. Motion at n.3. The plaintiff, however, did not submit the necessary documentation for Mr. Smeltzer's review until June 28, 2006, more than three weeks later. Id. Mr. Smeltzer is entitled to 30 days to review the


documents and to issue his receipt.[2]  Id.

The third delay in finalizing the settlement appears to be primarily attributable to the plaintiff.  Based on this last delay, the Cornuke Defendants argued that I should deny the requested extension; that the case should be dismissed with prejudice, before expiration of the time provided to Mr. Smeltzer and B.A.S.E. Institute to accomplish the tasks necessary for B.A.S.E. Institute to issue the receipt for charitable contribution; and that the plaintiff should be left to address "any possible defects [she] might perceive in the final receipt issued by BASE . . . by means of a subsequent action for breach of the Settlement Agreement."  Id. at pp.2, 8.

I held a hearing on the plaintiff's third request for extension of time.  At the hearing, the process for obtaining the charitable contribution receipt from B.A.S.E. Institute was explained as follows:

(1)     The plaintiff did not want to disclose to the defendants materials which would reveal to them her credit card numbers, bank account numbers, and the like.  Consequently, the parties agreed that Mr. Smeltzer, a person who has done accounting work for B.A.S.E. Institute, would sign a confidentiality/non-disclosure agreement with respect to the plaintiff's personal information; would review the original receipts from the plaintiff; and would prepare a summary of the expenditures reflected on those account statements which were incurred by Ms. Proffitt for the benefit of B.A.S.E. Institute on the lost shipwreck of Paul project;

(2)     Mr. Smeltzer would submit his summary to Ms. Proffitt for her review to assure that the summary did not contain any personal information;

---

[2]The defendants state in the Motion that Mr. Smeltzer completed his review and forwarded his summary report directly to Ms. Proffitt on July 12, 2006.  Motion at n.4.

(3)     Once Ms. Proffitt approved the summary, it would be submitted to B.A.S.E. Institute, and B.A.S.E. Institute would submit the receipt required by paragraph 5 of the settlement agreement.

It is correct that the plaintiff's lawyer indicated that his client would require "a minute-and-a-half, literally," to review the summary prepared by Mr. Smeltzer. It also is true that the lawyer for the Cornuke Defendants stated that B.A.S.E. Institute would require only three days to review the summary and issue its receipt, "assuming availability of B.A.S.E. board members." Nonetheless, I extended the deadline for 30 days from the date of the hearing in order to assure that the parties had adequate time to fully and finally complete all of the material terms of the settlement.[3]

It appears to me that the parties may require until August 11, 2006, to complete the settlement because Mr. Smeltzer was allowed 30 days from June 28, 2006, within which to complete his review and prepare a summary. Consequently, the summary is not required to be provided until July 28, 2006. Ms. Proffitt thereafter needs "a minute-and-a-half" to complete her review, which reasonably means until July 29, 2006. B.A.S.E. needs three days thereafter, "assuming availability of B.A.S.E. board members," or through August 2, 2006.[4]

The extra time, between August 2 and August 11, may be necessary to address other

---

[3] The hearing was held on July 12, 2006. I allowed the parties 30 days to complete the terms of the settlement, which is to and including August 11, 2006. In calculating 30 days, I forgot that the month of July has 31 days, rather than 30; assumed that 30 days after July 12, 2006, was August 12, 2006, a Saturday; and extended the deadline to the next business day-- August 14, 2006. In fact, 30 days after July 12, 2006, is August 11, 2006.

[4] July 29, 2006, is a Saturday. Consequently, I have permitted B.A.S.E. Institute three business days within which to issue its receipt.

problems which the parties themselves anticipate. In discussing the settlement at the hearing, for example, the lawyer for the Cornuke Defendants stated:

> To even delay the thing a few days and await receipt of a document from B.A.S.E. **that will undoubtedly be unacceptable to Ms. Proffitt** is going to cause another problem.

(Emphasis added.) I inquired why the receipt issued by B.A.S.E. Institute would "undoubtedly be unacceptable to Ms. Proffitt." In response, the lawyer for the Cornuke Defendants stated that he believes that the plaintiff is looking for a guarantee from B.A.S.E. Institute that the expenses claimed will be accepted by the Internal Revenue Service as a charitable contribution. When asked how the lawyer for the Cornuke Defendants envisioned the receipt from B.A.S.E. Institute, he responded:

> [The receipt] will simply say we [B.A.S.E.] acknowledge we've received a summary from Mr. Smeltzer to the effect that Ms. Proffitt **asserts** she's expended "X" amount of dollars in connection with B.A.S.E. Institute ministry work on the shipwreck project.

Paragraph 5 of the settlement agreement requires that B.A.S.E. Institute "issue a receipt for charitable contributions to Ms. Proffitt for additional travel expenses she incurred without reimbursement for the lost shipwreck of Paul project in the approximate amount of $49,000." When I pointed out the apparent discrepancy between the receipt as B.A.S.E. Institute envisions it and the receipt as the settlement agreement requires, counsel for the Cornuke Defendants agreed that B.A.S.E. Institute will track verbatim in the receipt it issues to Ms. Proffitt the words required by paragraph 5 of the settlement agreement.

Although it is possible that there will be no difficulty between the parties in connection with the form of the receipt ultimately issued by B.A.S.E. Institute, and while it appears now that

the review process by Mr. Smeltzer has proceeded ahead of schedule, I am not optimistic that the process will run smoothly. Consequently, at the time of my initial ruling on the motion for a third continuance, and now, I believe it is prudent to allow a little extra time for the parties to work out any remaining details which may arise.

The plaintiff's third motion for continuance [Doc. # 192] did not request an extension of a specific period of time. In my judgment and after a hearing on the third motion for extension, I determined that 30 days from the date of the hearing was sufficient either for the parties to finalize the settlement or for it to become apparent that the settlement cannot be finalized and to return the case to active status. Consequently, the statement by the Cornuke Defendants that the extension granted was for "more time even than Plaintiff had asked for," see Motion at p.2, is not entirely correct.

Nor am I convinced that an extension of time through August 11, 2006, causes any harm to the Cornuke Defendants. All of the parties proclaim to favor resolution of the case by performance of the settlement agreement,[5] and the district judge has expressed his view that settlement appears appropriate. See p.1, supra.

Finally, the suggestion of the Cornuke Defendants that enforcement of a settlement agreement is appropriate only in a separate and subsequent action for breach of the settlement agreement is incorrect. To the contrary, a settlement agreement is a contract between the parties. Citywide Bank of Denver v. Herman, 978 F. Supp. 966, 977 (D. Colo. 1997). The law favors

---

[5]I observed during the hearing that it appeared to me that counsel for the Cornuke Defendants preferred "to have the suit reinstated and to go back to litigating." He responded: "On the contrary your Honor, and I deeply resent his Honor's phrasing of the matter in that fashion."

compromise and settlement, and settlements will be enforced by the court. Id,; City and County of Denver v. Adolph Coors Co., 813 F. Supp. 1476, 1479 (D. Colo. 1993). Moreover, "[a] trial court has the inherent power to summarily enforce settlement agreements entered into by the litigants in cases before the court." Adolph Coors, 813 F. Supp. at 1479. Consequently, a motion to enforce the settlement agreement entered into by the parties may be brought in this action, and need not await a subsequent proceeding.

IT IS ORDERED that the Motion is GRANTED. The parties may have to and including **August 11, 2006**, within which to file a stipulation or motion to dismiss with prejudice.

IT IS FURTHER ORDERED that a telephone status conference is set for **August 4, 2006, at 8:30 a.m.** Counsel for the plaintiff shall initiate a conference call among all counsel and pro se parties and contact my chambers at 303-844-6408 at the designated date and time.

Dated July 17, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge